UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
AT LAW AND IN ADMIRALTY

---

UNITED STATES OF AMERICA,

        Plaintiff,              Case No.

      vs.              **VERIFIED COMPLAINT FOR
CIVIL FORFEITURE IN REM**

ONE 1999 CHEVROLET TAHOE,
VEHICLE IDENTIFICATION NUMBER
(VIN) 1GNEK13R1XJ497538,
WITH ALL APPURTENANCES AND
ATTACHMENTS THEREON,

        Defendant.

---

The United States of America, by its attorneys, Steven M. Biskupic, United States Attorney

for the Eastern District of Wisconsin, and Lisa A. Wesley, Assistant United States Attorney for said

district, alleges as follows:

1. This is a civil action in rem brought to enforce the provisions of Title 21, United

States Code, Section 881(a)(4) which provides for the forfeiture of property which was used, or

intended to be used, to facilitate the transportation, sale, receipt, possession, or concealment of a

controlled substance in violation of Title II of the Controlled Substances Act, 21 U.S.C. §§ 801, et

seq.

2. This court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355.

3. The defendant property is identified as one 1999 Chevrolet Tahoe bearing VIN:

1GNEK13R1XJ497538, seized from Ralph W. Callaway, Jr., in Lafayette, Wisconsin, on or about

June 25, 2004.

4. The defendant property was seized in Lafayette, Wisconsin. Venue is proper in the Eastern District of Wisconsin.

5. The facts and circumstances supporting the seizure and forfeiture of the defendant property are contained in the Affidavit of Sergeant Jeff Patek, which is attached hereto as Exhibit A and is fully incorporated herein by reference.

6. On or about October 27, 2003, a claim for the defendant vehicle was filed by the claimant, Ralph W. Callaway.

7. The defendant, one 1999 Chevrolet Tahoe, was used, or intended to be used, to facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance in violation of Title II of the Controlled Substances Act, 21 U.S.C. §§ 801, et seq., and is, therefore, subject to forfeiture to the United States of America pursuant to Title 21, United States Code, Section 881(a)(4).

WHEREFORE, the United States of America prays that a warrant of arrest for the defendant property, one 1999 Chevrolet Tahoe bearing VIN: 1GNEK13R1XJ497538, be issued; that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; that judgment declare the defendant property to be condemned and forfeited to the United States of

2

America for disposition according to law; and that the United States of America be granted such other and further relief as this Court may deem just and equitable, together with the costs and disbursements of this action.

Respectfully submitted,

STEVEN M. BISKUPIC
United States Attorney

By:  s/LISA A. WESLEY
Assistant United States Attorney
Lisa A. Wesley Bar Number: 1023783
Attorney for Plaintiff
Office of the United States Attorney
Eastern District of Wisconsin
517 East Wisconsin Avenue, Room 530
Milwaukee, WI 53202
Telephone: (414) 297-1700
Fax: (414) 297-1738
E-Mail: lisa.wesley@usdoj.gov

3

**EXHIBIT A**

**AFFIDAVIT IN SUPPORT OF VERIFIED COMPLAINT FOR CIVIL FORFEITURE IN REM OF ONE 1999 CHEVROLET TAHOE, VIN: 1GNEK13R1XJ497538**

I, Jeff Patek, being first duly sworn on oath, do hereby depose and say:

1.      I am employed as a sergeant with the Walworth County Sheriff's Department and have been so employed for approximately 10 years.  I have approximately 15 years of law enforcement experience.  As part of my duties, I am required to investigate violations of Title 21, United States Code, Sections 841(a)(1) and 846, which are violations of the Federal Controlled Substances Act.  Through my training and experience, I am familiar with the ways and means of narcotics trafficking in the United States and specifically in the Walworth County area.  All of the information contained in this affidavit is either the result of personal observation and investigation or has been relayed to me by other members of the law enforcement community or citizen witnesses, all of whom I believe to be truthful and reliable.

2.      This affidavit is submitted in support of a Verified Complaint for Civil Forfeiture In Rem of one 1999 Chevrolet Tahoe, VIN: 1GNEK13R1XJ497538.  Based upon information I believe to be truthful and reliable, there is probable cause to believe that the 1999 Chevrolet Tahoe, VIN: 1GNEK13R1XJ497538, was used, or intended to be used, to facilitate the transportation, sale, receipt, possession or concealment of a controlled substance in violation of Title II of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq., and is therefore subject to forfeiture by the United States of America pursuant to Title 21, United States Code, Section 881(a)(4).

3.      On or about June 25, 2004, at approximately 7:00 p.m., officers with the

4

Walworth County Sheriff's Department were patrolling the grounds of the Alpine Valley Music Theater in Lafayette, Wisconsin, during a concert by the musical group "Phish." Based on our training and experience, Walworth County Sheriff's Department officers are aware that the musical group "Phish" has a drug-oriented culture similar to that of the "Grateful Dead" musical group. While patrolling the parking area, officers observed several males standing next to a 1999 Chevrolet Tahoe. The first male, subsequently identified as Peter Cashen, was observed holding a plastic baggie containing an unknown substance. The second male, subsequently identified as Ralph W. Callaway, Jr., was observed reaching into the rear door of the 1999 Chevrolet Tahoe. As officers approached the vehicle, they observed Cashen drop the plastic baggie containing the unknown substance on the ground next to the vehicle. Callaway, Jr. then came out of the rear door of the 1999 Chevrolet Tahoe. When officers looked inside the rear door of the vehicle where Callaway, Jr. had been, they observed in plain view a digital scale and 4 plastic baggies containing suspected psilocybin mushrooms.

4. Officers retrieved the plastic baggie containing the unknown substance that Peter Cashen had dropped on the ground and inspected it. The baggie appeared to contain psilocybin mushrooms.

5. Peter Cashen admitted to officers that he had just purchased several bags of mushrooms from the individual identified as Ralph W. Callaway, Jr., for $140. Cashen said he used 2-$50 bills and 2-$20 bills to pay for the mushrooms. Cashen told officers that the bags of mushrooms were located in his backpack. Cashen also told officers that the scale found in the backseat of the 1999 Chevrolet Tahoe belonged to him. Cashen said he provided the scale to Callaway, Jr., so the drugs could be weighed and he would not get ripped off.

5

6. Located in Peter Cashen's backpack, officers discovered 7 plastic baggies which contained psilocybin mushrooms in the following approximate weights: 4.98 grams; 4.21 grams; 7.67 grams; 6.53 grams; 2.14 grams; 4.51 grams; and 5.41 grams. A prescription bottle containing approximately 1.09 grams of marijuana was discovered located on Cashen's person.

7. Located inside the 1999 Chevrolet Tahoe, in addition to the 4 plastic baggies containing psilocybin mushrooms and the digital scale, officers discovered 3 multi-color pipes, 2 packages of rolling papers and approximately .47 grams of suspected marijuana in an envelope. The 4 plastic baggies of psilocybin mushrooms were subsequently weighed and totaled approximately 18.72 grams.

8. Located on Ralph W. Callaway, Jr.'s person, officers discovered $140 in United States currency consisting of 2-$50 bills and 2-$20 bills. An additional $62 in United States currency was discovered in a separate location on the person of Callaway, Jr.

9. Ralph W. Callaway, Jr. admitted to the patrol officers that he had sold mushrooms to Peter Cashen. Callaway, Jr. told the officers that he found the mushrooms on the side of the road and said he was trying to sell the mushrooms to make money to finance his trip back to New Hampshire where he lives and goes to college. Callaway, Jr. told the patrol officers that the 1999 Chevrolet Tahoe belongs to him and is registered to him. Callaway, Jr. said there are no liens on the vehicle.

10. Ralph W. Callaway, Jr. and Peter Cashen were arrested and transported to the Walworth County Jail.

11. Following his arrest, I had contact with Ralph W. Callaway, Jr. at the Drug Unit office. Callaway, Jr. asked me if there was any way he could avoid getting locked up. I told him no. Callaway, Jr. continued to speak with me even though I had not asked him a question.

6

Callaway, Jr. told me he had found the mushrooms and said he was selling them to make some money. Callaway, Jr. said he is not a dealer. I eventually asked Callaway, Jr. about his vehicle. Callaway, Jr. said the Tahoe is his and stated "I got it used for a great deal." I asked Callaway, Jr. if the Tahoe had a lien holder, like GMAC Finance. Callaway, Jr. said "No, it's mine and it's paid for."

12.     Peter Cashen provided me with a full statement following his arrest. Cashen told me that he was walking around the grounds of Alpine Valley when he heard Ralph W. Callaway, Jr. say the word "mushrooms." Cashen said he walked over to Callaway, Jr.'s vehicle and Callaway, Jr. told him he did not have the mushrooms weighed out. Callaway, Jr. asked if he could use Cashen's scale, to which Cashen agreed. Callaway, Jr. then weighed out several plastic bags and told Cashen he was charging $140 for 1 ounce.

13.     On or about June 26, 2004, Ralph W. Callaway, Jr. came to the Drug Unit office and asked me if he was going to get his vehicle back. I told him no and said the vehicle had been seized. Callaway, Jr. became upset and sat down on the ground. Callaway, Jr. stated "How am I supposed to get back to school?" Callaway, Jr. then began talking about how he drives the vehicle all over the country. Callaway, Jr. asked "How am I supposed to pay my fines?" I told Callaway, Jr. "With a job." Callaway, Jr. told me that he cannot get a job because he drives all over the country in the summer.

14.     On or about June 28, 2004, I received a phone call from an individual who identified himself as Ralph Callaway, the father of Ralph W. Callaway, Jr., who had been arrested. Ralph W. Callaway, Sr., asked me how he could get the property out of his son's vehicle. I informed Ralph W. Callaway, Sr., that he needed to contact the officer who processed the vehicle and the officer would return the items.

7

15. The 1999 Chervolet Tahoe is titled to Ralph Walton Callaway, 6927 Gaines Ridge Road, Columbus, Georgia. There are no liens on the vehicle.

16. The Retail Purchase Contract for the 1999 Chevrolet Tahoe was discovered inside the vehicle. The Contract shows that the 1999 Chevrolet Tahoe was purchased on March 26, 2004, by Ralph W. Callaway for $17,579.64 in cash.

17. I telephoned the salesman listed on the Retail Purchase Contract and spoke with him about the sale of the 1999 Chevrolet Tahoe. The salesman told me he remembered selling the vehicle. The salesman said Ralph W. Callaway, Sr. purchased the vehicle and stated that, at the time of the purchase, Callaway, Sr. told him the vehicle was for his son.

18. On July 14, 2004, Ralph W. Callaway, Jr., was charged by the State of Wisconsin in Walworth County with felony manufacture/deliver psilocin, <= 100 grams, and felony psilocin possession with intent, <= 100 grams. A status conference is scheduled for January 28, 2005.

19. On or about July 13, 2004, the Drug Enforcement Administration commenced an administrative forfeiture action against the defendant property, one 1999 Chevrolet Tahoe. On or about October 12, 2004, a claim for the defendant vehicle was filed by Ralph W. Callaway, Sr.

20. Based upon my training and experience, the evidence received and the information obtained, I believe that the defendant property, one 1999 Chevrolet Tahoe bearing VIN: 1GNEK13R1XJ497538, seized from Ralph W. Callaway, Jr., in the Town of Lafayette, Wisconsin,

8

on or about June 25, 2004, was used, or intended to be used, to facilitate the transportation, sale,

receipt, possession or concealment of a controlled substance in violation of Title II of the Controlled

Substances Act, 21 U.S.C. §§ 801 et seq.

s/_____
JEFF PATEK

Subscribed and sworn to before me
this  7th  day of  January  , 2005.

s/Theresa Kneser
Notary Public, State of Wisconsin
My commission: expires 3/16/08  .

9